IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ROBERT J. O'CONNOR, | ) | Case No. 05 B 22431 |
| | ) | |
| Debtor(s). | ) | Judge Manuel Barbosa |

### TRUSTEE'S FINAL REPORT

To:   THE HONORABLE MANUEL BARBOSA, BANKRUPTCY JUDGE

NOW COMES Charles J. Myler, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.   The Petition commencing this case was filed on June 6, 2005. Charles J. Myler was appointed Trustee on June 6, 2005. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.   The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.   A summary of the Trustee's Final Report as of March 31, 2007 is as follows:

1

    a.    RECEIPTS (See Exhibit C)     $17,445.89

    b.    DISBURSEMENTS (See Exhibit C)     $0.00

    c.    NET CASH available for distribution     $17,445.89

    d.    TRUSTEE/PROFESSIONAL COSTS:

        1.    Trustee compensation requested     $2,494.59
             (See Exhibit E)
        2.    Trustee Expenses (See Exhibit E)     $70.51
        3.    Compensation requested by
             attorney or other professionals
             for trustee (See Exhibit F)     $6,983.75

5.     The Bar Date for filing unsecured claims expired on November 17, 2005.

6.     All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee. (See Exhibit D) The actual dollar amount of claims allowed and/or requested for this estate is as follows:

    a.    Allowed unpaid secured claims     $0.00

    b.    Chapter 7 administrative and
         28 U.S.C. §1930 claims     $9,548.85

    c.    Allowed Chapter 11 administrative claims     $0.00

    d.    Allowed priority claims     $0.00

    e.    Allowed unsecured claims     $10,963.43

7.     Trustee proposes that unsecured creditors receive a distribution of 72.03% of allowed claims.

8.     Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Trustee's attorney's, accountant's, or other professional's compensation requested but not yet allowed is $6,983.75. The total of Chapter 7 professional fees and expenses requested for final allowance is $7,054.26. (See Exhibit G).

9.  A fee of $600.00 was paid to debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE: April 16, 2007

/s/ Charles J. Myler
Charles J. Myler, ARDC# 2008602
111 W. Downer Place
Aurora, IL 60506
(630) 897-8475

## TASKS PERFORMED BY TRUSTEE

Testimony at debtor's §341 meeting indicated that prior to bankruptcy he had entered into a property settlement agreement at the time of his divorce. Pursuant to the agreement debtor was to receive a stipulated sum of money when the ex-souse sold residential property belonging to both parties. It was learned that the ex-spouse had previously sold the property and either forged or used a photocopy of debtor's signature to close the sale. The funds owed to debtor were not paid to him. Trustee hired trustee counsel and together with counsel had several conferences with debtor and his family to establish the foregoing facts. In the meantime, the ex-spouse had remarried and moved to southern Illinois. Trustee cooperated with trustee counsel during litigation commenced by the trustee against the former spouse resulting in a default judgment for the sum requested. Eventually the trustee was able to record the judgment in an Illinois county where it was believed the ex-spouse had an interest in property. When property belonging to the ex-spouse was sold in McHenry County, trustee was able to collect the judgment from closing proceeds. It took almost 2 years to collect this debt based on fraud and owed to the estate. Trustee worked with trustee counsel in preparation of the final report, checking claims and answering several non-legal questions from creditors. Trustee estimates that approximately 15 hours of non legal time were spent in administering this estate.

EXHIBIT A

# Form 1
## Individual Estate Property Record and Report
### Asset Cases

Case Number: 05-22431 5
Case Name: O'CONNOR, ROBERT J.
Period Ending: 03/31/07

Trustee: (330510) CHARLES J. MYLER
Filed (f) or Converted (c): 06/06/05 (f)
§341(a) Meeting Date: 07/11/05
Claims Bar Date: 11/17/05

| Ref. # | 1 Asset Description (Scheduled And Unscheduled (u) Property) | 2 Petition/ Unscheduled Values | 3 Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4 Property Abandoned OA=§554(a) abandon. DA=§554(c) abandon. | 5 Sale/Funds Received by the Estate | 6 Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Cash | 40.00 | 40.00 | DA | 0.00 | FA |
| 2 | Checking account | 150.00 | 150.00 | DA | 0.00 | FA |
| 3 | Household furnishings | 300.00 | 300.00 | DA | 0.00 | FA |
| 4 | Wearing apparel | 100.00 | 100.00 | DA | 0.00 | FA |
| 5 | Pension fund | 3,000.00 | 3,000.00 | DA | 0.00 | FA |
| 6 | Real estate proceeds due from ex-wife | 18,000.00 | 18,000.00 | DA | 17,440.00 | FA |
| 7 | 1996 Chevy Blazer | 2,000.00 | 2,000.00 | DA | 0.00 | FA |
| 8 | Carpentry tools | 500.00 | 500.00 | DA | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 5.89 | Unknown |
| 9 | Assets Totals (Excluding unknown values) | $24,090.00 | $24,090.00 | | $17,445.89 | $0.00 |

Major Activities Affecting Case Closing:
Trustee has collected judgment lien against former spouse; will file final report

Initial Projected Date Of Final Report (TFR): December 31, 2005       Current Projected Date Of Final Report (TFR): April 30, 2007 (Actual)

EXHIBIT B

Printed: 04/17/2007 02:26 PM    V.9.02

# Form 2

## Cash Receipts And Disbursements Record

**Case Number:** 05-22431 5
**Case Name:** O'CONNOR, ROBERT J.

**Taxpayer ID #:** 13-7558742
**Period Ending:** 03/31/07

**Trustee:** CHARLES J. MYLER (330510)
**Bank Name:** JPMORGAN CHASE BANK, N.A.
**Account:** \*\*\*-\*\*\*\*\*21-65 - Money Market Account
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 03/06/07 | {6} | Chicago Title & Trust Co. | Payment of lien on real estate | 1110-000 | 17,440.00 | | 17,440.00 |
| 03/30/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.6500% | 1270-000 | 5.89 | | 17,445.89 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | **ACCOUNT TOTALS** | | | 17,445.89 | 0.00 | $17,445.89 |
| | | Less: Bank Transfers | | | 0.00 | 0.00 | |
| | | **Subtotal** | | | 17,445.89 | 0.00 | |
| | | Less: Payments to Debtors | | | | 0.00 | |
| | | **NET Receipts / Disbursements** | | | $17,445.89 | $0.00 | |

| | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | | | |
| MMA # \*\*\*-\*\*\*\*\*21-65 | 17,445.89 | 0.00 | 17,445.89 |
| | $17,445.89 | $0.00 | $17,445.89 |


EXHIBIT C

{} Asset reference(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ROBET J. O'CONNOR, | ) | Case No. 05 B 22431 |
| | ) | |
| Debtor. | ) | Judge Manuel Barbosa |

### DISTRIBUTION REPORT

I, Charles J. Myler, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

SUMMARY OF DISTRIBUTION:

| | |
|---|---|
| Chapter 7 Administrative Expenses: | $9,548.85 |
| Chapter 11 Administrative Expenses: | $0.00 |
| Priority Claims (507(a)(3)-(a)(6)): | $0.00 |
| Secured Tax Liens: | $0.00 |
| Priority Tax Claims: | $0.00 |
| General Unsecured Claims: | $7,897.04 |
| Other: | $0.00 |
| | |
| TOTAL AMOUNT TO BE DISTRIBUTED: | $17,445.89 |

EXHIBIT D

5

**DISTRIBUTION REPORT**

| | TOTAL | FINAL |
|---|---|---|
| **1. TYPE OF CLAIMS** | **AMOUNT OF CLAIMS** | **DIVIDEND%** |
| §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | $9,548.85 | 100 |
| | AMOUNT OF | AMOUNT OF |
| **CLAIM NO.  CREDITOR** | **ALLOWED CLAIM** | **DIVIDEND** |
| Charles J. Myler, Trustee | $2,494.59 | $2,494.59 |
| Charles J. Myler, Expenses | 70.51 | 70.51 |
| Myler, Ruddy & McTavish | 6,983.75 | 6,983.75 |
| | TOTAL | FINAL |
| **2. TYPE OF CLAIMS** | **AMOUNT OF CLAIMS** | **DIVIDEND %** |
| §726(a) & (b) and §507(a)(1) (Debtor-in-possession (DIP) administrative expenses) | $0.00 | |
| | AMOUNT OF | AMOUNT OF |
| **CLAIM NO.  CREDITOR** | **ALLOWED CLAIM** | **DIVIDEND** |
| | $ | $ |
| | TOTAL | FINAL |
| **3. TYPE OF CLAIMS** | **AMOUNT OF CLAIMS** | **DIVIDEND %** |
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $0.00 | |
| | AMOUNT OF | AMOUNT OF |
| **CLAIM NO.  CREDITOR** | **ALLOWED CLAIM** | **DIVIDEND** |
| | $ | $ |
| | TOTAL | FINAL |
| **4. TYPE OF CLAIMS** | **AMOUNT OF CLAIMS** | **DIVIDEND %** |
| §507(a)(3) - Wages, salaries or commissions limited to $4,000 (less applicable withholdings) | $0.00 | |
| | AMOUNT OF | AMOUNT OF |
| **CLAIM NO.  CREDITOR** | **ALLOWED CLAIM** | **DIVIDEND** |
| | $ | $ |
| | TOTAL | FINAL |

| | | |
|---|---|---|
| **5. TYPE OF CLAIMS**<br>§507(a)(4) - Contributions to Employee Benefit Plans | **AMOUNT OF CLAIMS**<br>$0.00 | **DIVIDEND %** |
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM**<br>$ | **AMOUNT OF DIVIDEND**<br>$ |
| **6. TYPE OF CLAIMS**<br>§507(a)(5) - Farmers' and Fishermans' claims to the extent of $2,000 | **TOTAL AMOUNT OF CLAIMS**<br>$0.00 | **FINAL DIVIDEND %** |
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM**<br>$ | **AMOUNT OF DIVIDEND**<br>$ |
| **7. TYPE OF CLAIMS**<br>§507(a)(6) - Deposits by consumers to the extent of $900 | **TOTAL AMOUNT OF CLAIMS**<br>$0.00 | **FINAL DIVIDEND %** |
| **CLAIM NO.  CREDITOR** | **AMOUNT ALLOWED CLAIM**<br>$ | **AMOUNT OF DIVIDEND**<br>$ |
| **8. TYPE OF CLAIMS**<br>§724(b) - Tax Liens | **TOTAL AMOUNT OF CLAIMS**<br>$0.00 | **FINAL DIVIDEND %** |
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM**<br>$ | **AMOUNT OF DIVIDEND**<br>$ |
| **9. TYPE OF CLAIMS**<br>§507(a)(7) - Tax claims excluding fines and penalties | **TOTAL AMOUNT OF CLAIMS**<br>$0.00 | **FINAL DIVIDEND %** |
| **CLAIM NO.  CREDITOR** | **AMOUNT OF ALLOWED CLAIM**<br>$ | **AMOUNT OF DIVIDEND**<br>$ |
| **10. TYPE OF CLAIMS**<br>§507(a)(8) - Capital Commitments to FDIC, et al. | **TOTAL AMOUNT OF CLAIMS**<br>$0.00 | **FINAL DIVIDEND %** |

| CLAIM NO. CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
|---|---|---|
| **11. TYPE OF CLAIMS** §726(a)(2) - General Claims (To be paid *pro-rata* after costs of administration and priority claims are paid in full) | **TOTAL AMOUNT OF CLAIMS** $10,963.43 | **FINAL DIVIDEND %** 72.03 |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** | **AMOUNT OF DIVIDEND** |
| 1. World Financial Network Nat'l | $349.85 | $252.01 |
| 2. eCast Settlement/Chase Bank | $2,612.00 | $1,881.44 |
| 3. RJM Acquisitions | $3,277.95 | $2,361.13 |
| 4. Citibank/Home Depot | $4,185.40 | $3,014.77 |
| 5. Citibank/Radio Shack | $538.23 | $387.69 |
| **12. TYPE OF CLAIMS** §726(a)(3) - Late unsecured claims. | **TOTAL AMOUNT OF CLAIMS** $0.00 | **FINAL DIVIDEND %** |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |
| **13. TYPE OF CLAIMS** §726(a)(4) - Fines/penalties | **TOTAL AMOUNT OF CLAIMS** $0.00 | **FINAL DIVIDEND %** |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |
| **14. TYPE OF CLAIMS** §726(a)(5) - Interest (____% from date of filing to anticipated date of distribution (_____) | **TOTAL AMOUNT OF CLAIMS** $0.00 | **FINAL DIVIDEND %** |
| **CLAIM NO. CREDITOR** | **AMOUNT OF ALLOWED CLAIM** $ | **AMOUNT OF DIVIDEND** $ |

| 15. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(6) - Surplus to Debtor | $0.00 | |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM $ | AMOUNT OF DIVIDEND $ |
|---|---|---|---|

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED/WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: April 17, 2007

Charles J. Myler, Trustee, ARDC# 2008602

9